IN THE FEDERAL DISTRICT COURT
IN THE DISTRICT OF KANSAS

| | |
|---|---|
| CHANNING WALL, | ) |
|                 Plaintiff, | ) |
| v. | ) |
| BOARD OF COUNTY COMMISSIONERS OF SALINE COUNTY, KANSAS; and | ) Case No. 2:25-cv-02415 |
| KEVIN SHANKLE, in his individual and official capacity, | ) |
|                 Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Channing Wall, by and through counsel Nicole M. Revenaugh of Irigonegaray & Revenaugh, and for her cause of action against the Defendants, Board of County Commissioners of Saline County, Kansas and Kevin Shankle, in his individual and official capacity, alleges and states:

## NATURE OF ACTION

1. Plaintiff brings this cause of action as a result of damages she incurred after Plaintiff was subjected to unlawful and excessive force by Defendant Kevin Shankle, a deputy with the Saline County Sheriff's Office, while being investigated and detained at the scene of an automobile collision in Saline County, Kansas.

2. At the time Plaintiff was subjected to unlawful and excessive force, Deputy Shankle was acting in the scope and course of his employment for the Saline County Sheriff's Office and under the color of law.

3. The actions of all Defendants violated Plaintiff's rights under the United States Constitution. Pursuant to 42 U.S.C. §§ 1983, 1988, as amended, and common law, Plaintiff seeks

1

compensatory damages, exemplary damages, attorney fees, and costs arising from the violation of her constitutional rights.

4. The actions of all Defendants were also grossly negligent, reckless, and wanton, subjecting them to liability under the Kansas Tort Claims Act, K.S.A. 75-6101, et seq. for causing and/or contributing to cause Plaintiff's personal injuries and damages.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as Plaintiff's claims involve a federal question.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants' actions, as well as all events giving rise to Plaintiff's claims, occurred in Saline County, Kansas.

7. With regard to Plaintiff's claims under the Kansas Torts Claims Acts, Plaintiff notified Defendant County of her claim for damages arising from the events of January 4-5, 2023 by serving a certified letter on Jamie R. Doss, Saline County Clerk, on December 31, 2024. Defendant County's 120-day notice period expired without response. Therefore, Plaintiff satisfied all statutory prerequisites under K.S.A. 12-105b prior to filing suit.

## THE PARTIES

8. Plaintiff is a resident of Marion County, Kansas.

9. Defendant Board of County Commissioners of Saline County, Kansas ("County") is a political subdivision of the State of Kansas, and a "person" subject to suit within the meaning of 42 U.S.C. §1983.

10. Defendant Shankle is a resident of Saline County, Kansas. At all times material hereto, Defendant Shankle was employed by the Saline County Sheriff's Office, a subdivision of

2

Defendant County. As such, he was a duly appointed agent authorized to uphold the laws of the United States and the State of Kansas.

11. At all times material hereto, Defendant Shankle was acting under the color of law and in the scope and course of his employment with Defendant County.

12. At all times material hereto, Defendant Shankle had a duty to protect individuals in his jurisdiction from unreasonable risk of harm, to treat citizens with humanity, and to provide reasonable aid for the health, welfare, and safety of those under his custody and control, including Plaintiff.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff hereby adopts and incorporates all preceding paragraphs as though fully set forth herein.

14. At all times material hereto, Plaintiff was a 28-year-old white, female. She was 5'5" tall, weighed only 132 lbs., and did not own or possess any weapons.

15. On January 4, 2023, at 11:23 p.m., Plaintiff was involved in a single car collision in the 2300 block of westbound Old 40 Hwy when her 2022 Chevrolet Malibu left the roadway and struck a guardrail at the intersection of Interstate 35 in Saline County, Kansas.

16. Defendant Shankle and Deputy Christopher Winslow were directed by emergency dispatch to respond to the collision.

17. When Deputy Winslow arrived at the scene, he escorted Plaintiff to the back of a patrol car. At that time, Deputy Winslow informed Plaintiff that the reason he asked her to get in the patrol car was for her safety, and he specifically told Plaintiff she was not under arrest.

18. While Plaintiff was sitting in the patrol car, Defendant Shankle and Deputy Winslow agreed to initiate a criminal investigation based upon their suspicion that Plaintiff was operating her vehicle under the influence of alcohol.

19. Defendant Shankle approached the patrol car and asked Plaintiff to exit the vehicle because he was going to start a DUI investigation. Plaintiff, who was holding up her cell phone and recording the interaction, initially declined. Deputy Shankle then said to Plaintiff, "So, what's gonna happen is you're going to step out of the vehicle because now you're going to be placed under arrest for DUI."

20. Video evidence confirms that Defendant Shankle then suddenly and without warning reached into the patrol car, violently knocked Plaintiff's cellphone from her hand while she was recording their interaction, and forcefully grabbed her arm, causing Plaintiff to panic and extend her legs in a defensive position. After Deputy Shankle stepped back several feet away from the car, Plaintiff got out of the patrol car and stood in the doorway, leaning partially against the open rear door. At this time, she had fully complied with Defendant Shankle's order to get out of the vehicle and presented no threat of harm to self or others.

21. Inexplicably, Defendant Shankle, now more than six feet away, deployed his taser and struck Plaintiff's torso, causing her to convulse and lose consciousness while she was still standing upright. Plaintiff's limp body then fell to the ground, causing her to violently strike her head on the asphalt.

22. Over the next several minutes, Defendant Shankle and other agents of the Saline County Sheriff's Office stood idly over Plaintiff's motionless body while she lay on the ground, unconscious and unresponsive. Not one law enforcement official rendered any medical aid.

23. After an ambulance finally arrived at the scene, Plaintiff was emergently transported to Salina Regional Health Center. During transport, Plaintiff was medically sedated and intubated due to shallow breathing, decerebrate posturing, and decorticate posturing, indicating she had sustained a severe head injury.

24. At Salina Regional, Plaintiff was admitted to the Intensive Care Unit and remained intubated for several hours due to the head trauma she sustained from Defendant Shankle's taser deployment. After she was extubated, Plaintiff suffered from severe nausea and vomiting. She was hospitalized for two days for neuromonitoring and discharged on January 6, 2024.

25. When Plaintiff returned home, she was bedridden for a week. Over the next several months, Plaintiff exhibited many symptoms associated with concussion and head trauma including but not limited to frequent headaches, palpable soreness to her temple, light and noise sensitivity, social anxiety in large crowds, anxiety, persistent head pain, constant headaches, and dizziness.

26. To this day, Plaintiff experiences shooting pain in her right arm and elbow due to nerve damage she sustained from involuntarily falling on her right side after being tased by Defendant Shankle. These nerve pains occur daily at random times and are most prominent during poor weather and periods of low barometric pressure.

27. Plaintiff has also suffered and will continue to suffer significant psychological and emotional harms as a result of Defendant Shankle's conduct including posttraumatic stress disorder (PTSD), anxiety, and depression. Plaintiff has undergone counseling and therapy from multiple mental health professionals, continues to struggle with anxiety, and takes anti-depressants to aid in managing her symptoms.

28. Plaintiff sustained severe and permanent physical, psychological, and emotional injuries as a result of Defendant Shankle's conduct.

**COUNT I: 42 U.S.C. § 1983 CLAIM FOR EXCESSIVE FORCE**
**Fourth, Eighth, and Fourteenth Amendments to the United States Constitution**
**(as to Defendant Shankle)**

29. Plaintiff adopts and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Plaintiff brings this claim against Defendant Shankle in his official capacity pursuant to 42. U.S.C. § 1983, as well as in his individual capacity for punitive damages.

31. At all times material hereto, Defendant Shankle was acting under color of law as an agent and employee of Defendant County; he was wearing his official Saline County Sheriff's Office uniform, and was acting in the course and scope of his duties as a Saline County Sheriff's Office deputy.

32. The force used by Defendant Shankle against Plaintiff was objectively unreasonable and excessive.

33. Defendant Shankle was deliberately indifferent to Plaintiff's defenseless condition before and during the decision to use unreasonable and excessive force.

34. The actions of Defendant Shankle which resulted in the tasing of Plaintiff without just cause violated her right under the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizure; her Eighth Amendment right to be protected from the infliction of cruel and unusual punishment; and her right to due process under the Fourteenth Amendment to the United States Constitution.

35. By using unreasonable and excessive force while acting under color of law, Defendant Shankle violated Plaintiff's rights under the United States Constitution as described above, caused her to sustain injuries, and is liable for all damages alleged herein.

36. Defendant Shankle, in his individual capacity, directly and with deliberate indifference subjected Plaintiff to the unjust violation of her rights, including the following nonexclusive list of acts and/or omissions:

    a. Recklessly and wantonly firing an electroshock weapon at Plaintiff after she complied with Deputy Shankle's order to get out of the patrol car; and

    b. Actively ignoring the health, safety, and welfare needs of Plaintiff; and

    c. Grossly negligent, reckless, and wanton use of improper, violent force where he was not authorized or privileged to use such force.

37. As a direct and proximate result of the conscious acts of Defendant Shankle, Plaintiff has had to undergo medical treatment, suffered severe pain, suffered mental and emotional anguish, had to restrict her daily activities, incurred medical and related expenses, lost income, and her ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

38. Due to the Defendant Shankle's reckless and callous disregard of Plaintiff's Constitutional rights in subjecting her to unreasonable and excessive force on January 4-5, 2023, Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983.

39. Plaintiff is further entitled to reasonable attorney fees, costs, and expenses from all named Defendants as provided by 42 U.S.C. § 1983.

40. Plaintiff is further entitled to judgment against Defendant Shankle in an amount in excess of $75,000.00 exclusive of interest and costs.

**COUNT II: 42 U.S.C. § 1983 CLAIM FOR EXCESSIVE FORCE**
**Fourth, Eighth, and Fourteenth Amendments to the United States Constitution**
**(as to Defendant County)**

41. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

42. Plaintiff brings this claim against Defendant County under 42 U.S.C. §§ 1983, 1988.

43. The force used by Defendant Shankle against Plaintiff was unreasonable, excessive, and unconstitutional.

44. The unreasonable, excessive, and unconstitutional force used upon Plaintiff was caused in part by Defendant County's failure to properly or sufficiently train and supervise agents and employees of the Saline County Sheriff's Office, including Defendant Shankle. These failures amount to deliberate indifference by Defendant County to the rights of persons whom field deputies must be in contact with, such as Plaintiff, and were authorized, ratified or tolerated by Defendant County.

45. The improper, lack of, or insufficient training and supervision related, without limitation, to the training of law enforcement deputies to use only appropriate force, and to recognize when detainees are in a defenseless and/or compliant position.

46. The need for more or different training and supervision of field deputies is obvious due to either Defendant Shankle's use of force against a defenseless detainee and citizen, or his deliberate indifference of such conditions and the resulting use of force and injury.

47. Defendant Shankle was deliberately indifferent to Plaintiff's defenseless and compliant condition before his use of unreasonable, excessive, and unconstitutional force upon Plaintiff, for which Defendant County is responsible.

48. Defendant County is liable for the violation of Plaintiff's rights under the United States Constitution, for Plaintiff's injuries, and for the damages alleged herein.

49. Defendant County directly and with deliberate indifference subjected Plaintiff to the unjust violation of her rights, including the following nonexclusive list of acts and/or omissions:

   a. Inadequate hiring of law enforcement personnel;

   b. Providing insufficient training and education to field deputies in dealing with citizens and members of the public;

   c. Actively ignoring the health, safety, and welfare needs of Plaintiff;

   d. Failing to protect Plaintiff from harm; and

   e. Subjecting Plaintiff to excessive use of improper, violent force where Defendants were not authorized or privileged to use such force.

50. Defendant County is vicariously liable for the negligent acts, omissions, and commissions of its agents, staff, and employees committed within the nature and scope of their employment.

51. As a direct and proximate result of the actions of Defendant County, Plaintiff has had to undergo medical treatment, suffered severe pain, suffered mental and emotional anguish, had to restrict her daily activities, incurred medical and related expenses, lost income, and her ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

52. Due to the Defendant County's reckless and callous disregard of Plaintiff's Constitutional rights in subjecting her to unreasonable and excessive force on January 4-5, 2023, Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983.

53. Plaintiff is further entitled to reasonable attorney fees, costs, and expenses from all named Defendants as provided by 42 U.S.C. § 1983.

54. Plaintiff is further entitled to judgment against Defendant County in an amount in excess of $75,000.00 exclusive of interest and costs.

### COUNT III: GROSS NEGLIGENCE, RECKLESSNESS, AND WANTON CONDUCT
### Kansas Tort Claims Act, K.S.A. 75-6101, et seq.
### (All Defendants)

55. Plaintiff hereby adopts and incorporates all preceding paragraphs as though fully set forth herein.

56. At all times material hereto, Defendants County and Shankle had a duty to protect Plaintiff from undue harm during the course of its DUI investigation at the scene of the car accident, and to refrain from the use of excessive force.

57. At all times material hereto, Defendants County and Shankle also had a duty to protect Plaintiff from undue harm as a detainee in its exclusive custody and control, and to refrain from the use of excessive force.

58. Defendant Shankle tased Plaintiff with volts of electrical current, causing her to sustain untold physical, psychological, emotional, and economic harms.

59. At all times material hereto, Plaintiff presented no immediate threat of harm to Defendant Shankle or other law enforcement officials, was not attempting to flee, and had fully complied with Defendant Shankle's order to exit the patrol car prior to being tased by Defendant Shankle.  Therefore, Defendant Shankle's actions constituted excessive and unlawful use of force.

60. Defendant Shankle disregarded the danger involved in the use of a taser upon a person of Plaintiff's petite size and stature, and knew or should have known, per his training and policies, procedures, and protocol in place containing his duties as an employee of Defendant

County, that his actions constituted unreasonable, excessive, and unconstitutional force and would cause the degree and type of injuries ultimately suffered by Plaintiff.

61. Defendant County is vicariously liable for the negligent acts, omissions, and commissions of its agents and employees committed within the nature, course, and scope of their employment—including Defendant Shankle—under the doctrine of *respondeat superior*.

62. Defendants County and Shankle further grossly, recklessly, and wantonly breached their duties to protect Plaintiff from undue harm and to refrain from the use of excessive force while they were in the course of investigating Plaintiff for DUI at the scene of her car accident and while she was a detainee in their custody and control.

63. Plaintiff's injuries and damages would not have occurred but for the gross negligence, recklessness, and wanton conduct of Defendants County and Shankle.

64. No act or omission on the part of the Plaintiff caused or contributed to her resulting personal injuries or any of her resulting damages.

65. As a direct and proximate result of the gross negligence, recklessness, wanton acts and/or accepted policies and procedures and fault of all Defendants which caused or contribute to cause Plaintiff's personal injuries on January 4-5, 2023, Plaintiff has had to undergo medical treatment, suffered severe pain, suffered mental and emotional anguish, had to restrict her daily activities, incurred medical and related expenses, lost income, and her ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

66. Plaintiff is entitled to judgment against all Defendants in an amount in excess of $75,000.00 exclusive of interest and costs.

## ATTORNEY FEES

68. Plaintiff asserts a claim for attorneys' fees along with costs and expenses incurred in prosecuting this action under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, for an amount in excess of $75,000.00 exclusive of interest and costs, for her attorney fees, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Nicole M. Revenaugh*
Nicole M. Revenaugh, #25482
IRIGONEGARAY & REVENAUGH
1535 SW 29th Street
Topeka, KS 66611
nicole@itrlaw.com
785-267-6115 (ph)
785-267-9458 (fax)
Attorney for Plaintiff